[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court, with approval and agreement of the parties, hereby remands this case to the Freedom of Information Commission (FOIC), in accordance with C.G.S. 4-183 (g).
The issue raised on appeal was whether the FOIC exceeded its power in restricting the appellant's right to file appeals.
The Town of Glastonbury (Town) on May 19, 1988, petitioned CT Page 4392 the FOIC for relief against the appellant's multiple requests for document information with the intent to harass town employees.
The FOIC took evidence from October 27, 1988 to December, 1989. On January 30, 1990, FOIC issued an Advisory Opinion #71.
The Opinion held in relevant part as follows:
(1) ". . . [T]he Commission finds that many of Mr. Mozzochi's records requests and FOIC complaints were construed in such a way as to harass his . . . perceived enemies. Indeed he has created a history of abusing the processes and personnel of a municipal government that . . . is unique in the Commission's nearly 15 years or experience in enforcing the FOI act."
(2) Mr. Mozzochi shall be barred from filing complaints, appeals or . . . without first seeking leave of the Commission to file such complaints, appeals or requests." A-O. #71, p. 3.
The gravamen of: FOIC Advisory Opinion #71 is its adjudication of an unauthorized sanction against appellant Mozzochi. It is essentially an ad hoc punishment tailored solely to Mozzochi without statutory authority or appropriate case law. FOIC counsel represented that the aforesaid administrative sanctions were without precedent in the FOIC'S fifteen year history.
This case articulates the necessity for a workable balance between unfettered access to public records and protection of a public agency against unlimited, irrational and incomprehensible requests for such records. The standards to establish such a balance repose within the authority of the General Assembly. Such a balance would perforce require the imposition of workable sanctions. The FOI Act incorporates sanctions, albeit unwieldy. No satisfactory explanation was proffered at argument as to why the FOIC did not employ the sanctions provided by statute.
C.G.S. 1-21i(b) authorizes the imposition of civil penalties, not to exceed $1,000, for appeals frivolously taken and solely for the purpose of harassing the public agency. C.G.S. 52-568(b) allows a town or the FOIC to secure injunctive relief where two or more cases have been frivolously pursued within a twenty-four month period.
Indisputably, the standards are demanding and difficult of proof. It is equally clear that the General Assembly intended to impose harsh standards before a restriction to access of public records could be triggered. A softening of such CT Page 4393 standards may be required to protect the integrity of the FOIC and the ability of towns to reasonably accommodate requests.
The statutory criteria for impingement of access to public records and the scope of statutory sanctions are matters solely within the province of the legislature. To abridge the right of access where such abridgement is not authorized is improper and illegal; to impose sanctions not rooted in either case law or statute is equally improper and illegal.
Although this court is not unmindful of FOIC's efforts to adhere to the spirit of the Freedom of Information Act, ad hoc sanctions to cope with perceived unreasonable requests are patently contrary to law.
This case is remanded to the FOIC with the following instructions:
(1) Advisory Opinion #71 is ordered stayed; no implementation of A.O. #71 is allowed, pending a final ruling by the Superior Court as to the validity of said Advisory Opinion;
(2) The FOIC may impose sanctions, where authorized, under C.G.S. 1-21i(b)i
(3) The FOIC or Town may seek injunctive relief under C.G.S.52-568 (b), provided the necessary findings supported by the evidence are reached;
(4) Sanctions imposed, if any, under 1-21i(b) and 52-568 (b), supra, are restricted to the appellant's five cases presently under appeal, those cases having arisen since May, 1988;
(5) That the FOIC shall provide to appellant notice and opportunity to defend against any such proposed sanctions as are available to any aggrieved party under the Uniform Administrative Procedures Act, see Chap. 54;
(6) That no administrative notice of any fact or condition (see4-178 (4)), may be cognized without first notifying appellant of such notice, and thereafter providing appellant the opportunity to contest or refute the same.
IT IS SO ORDERED:
ARTHUR L. SPADA SUPERIOR COURT JUDGE CT Page 4394